```
                 UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:07-00075

**JEREMY JOHNSON**


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On April 16, 2013, the United States of America appeared by Lisa G. Johnston, Assistant United States Attorney, and the defendant, Jeremy Johnson, appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Troy A. Lanham.  The defendant commenced a thirty-month term of supervised release in this action on March 16, 2012, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on November 18, 2011.

The court heard the admissions of the defendant, the evidence and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the federal and state crime of possession of a firearm by a convicted felon inasmuch as he possessed a firearm while hunting on November 26, 2012, as found by the court in its findings fully set forth on the record of the hearing, which findings are incorporated herein; (2) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by him on September 11, 2012, for methamphetamine and oxycodone, the defendant having admitted to the probation officer the prior possession and use of those controlled substances; on September 14, 2012, for methamphetamine and oxycodone; and on September 17, 2012, for amphetamine and methamphetamine; (3) the defendant failed to submit monthly reports for May, June, July, August, September and October 2012; (4) the defendant failed to report to the probation officer as directed rendering his whereabouts unknown from on or about September 11, 2012, until at least the filing of the petition dated November 6, 2012; (5) the defendant failed to not frequent places where illegal substances are illegally sold inasmuch as on September 11, 2012, he admitted to the probation officer that he

had frequented a location where oxycodone and methamphetamine were being illegally sold and used; (6) the defendant failed to not associate with any persons engaged in criminal activity inasmuch as on September 11, 2012, he admitted to the probation officer that he had associated with individuals who were engaged in the use of illegal substances; (7) the defendant failed to appear for drug treatment as directed on September 29, October 27, November 3 and 10, 2012; (8) the defendant failed to appear for scheduled drug tests as directed on October 26 and November 1, 9 and 14, 2012; and (9) the defendant failed to make restitution payments as directed by the court inasmuch as he has not made a payment since November 16, 2010, and a balance of $24,806 remains; all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE (12) MONTHS, to be followed by a term of eighteen (18) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he participate in drug abuse counseling and treatment programs as directed by the probation officer.  The court reimposes restitution in the amount of $24,806 and directs the defendant to make monthly payments as directed heretofore.

It is further ORDERED that the twelve-month term of imprisonment and the 18-month term of supervised release imposed hereunder shall run concurrently to the twelve-month term of

imprisonment and the 18-month term of supervised release imposed in Criminal No. 2:08-00180.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: April 29, 2013

John T. Copenhaver, Jr.
United States District Judge

5